CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 13 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROBERT J. COLLIER, )
)
Plaintiff, )
) Civil Action No. 7:13CV00104
)
v. ) **MEMORANDUM OPINION**
)
LAND & SEA RESTAURANT ) By: Hon. Glen E. Conrad
COMPANY, LLC, d/b/a FRANKIE ) Chief United States District Judge
ROWLAND'S STEAKHOUSE, et al., )
)
Defendants. )

Sam Rust Seafood, Inc. ("Sam Rust") has moved to strike the demand for a jury trial
made in the second amended third-party complaint filed by Land & Sea Restaurant Company,
LLC ("Land & Sea"). For the reasons set forth below, the motion will be denied.

**Background**

Robert Collier filed this action against Land & Sea on March 19, 2013, alleging that he
suffered serious injuries as a result of eating "unwholesome food" at Frankie Rowland's
Steakhouse on April 14, 2011. Land & Sea subsequently filed a third-party complaint against
Sam Rust and other entities. In Count VII of its second amended third-party complaint, Land &
Sea seeks a declaration that Sam Rust must defend and indemnify it against Collier's claims,
pursuant to a Foodservice Products Supplier Agreement between Sam Rust and one of Land &
Sea's primary food suppliers, Performance Food Group, Inc. Land & Sea demands a jury trial
on all of its claims, including its declaratory judgment claim against Sam Rust.

Sam Rust has moved to strike Land & Sea's demand for a jury trial. The court held a
hearing on the motion on March 9, 2015. The motion has been fully briefed and is ripe for
review.

## Discussion

The Seventh Amendment to the Constitution preserves a party's right to a jury trial "[i]n Suits at common law." U.S. Const. amend. VII. "This has been interpreted to extend the right to a jury trial to all suits, whether at common law or arising under federal legislation, where _legal_ rights are involved." Pandazides v. Virginia Bd. of Educ., 13 F.3d 823, 828 (4th Cir. 1994) (emphasis in original); see also In re Lockheed Martin Corp., 503 F.3d 351, 354 (4th Cir. 2007) (noting that the Seventh Amendment's guarantee of a jury trial "applies only to cases _at law_") (emphasis in original). Because actions for declaratory judgments are neither legal nor equitable, the right to a jury trial in a declaratory judgment action depends on "whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle." Lockheed Martin, 503 F.3d at 355 (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959)); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 284 (1988) ("Actions for declaratory judgments are neither legal nor equitable, and courts have therefore had to look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy.").

In this case, if the declaratory judgment remedy had not been available, Land & Sea would have brought a breach of contract claim against Sam Rust, alleging that Sam Rust breached the Foodservice Products Supplier Agreement by refusing to defend and indemnify Land & Sea against Collier's claims. Since claims for breach of contract are "historically 'legal,'" Land & Sea would have been entitled to a jury trial on such claim. Myers v. United States Dist. Court, 620 F.2d 741, 744 (9th Cir. 1980); see also Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n, 430 U.S. 442, 459 (1977) ("[S]uits for damages

2

for breach of contract . . . were suits at common law with the issues of the making of the contract and its breach to be decided by a jury . . . .").  It follows that Land & Sea also has a right to a jury trial on its declaratory judgment claim against Sam Rust.  See Lockheed Martin, 503 F.3d at 359-60; see also Fischer Imaging Corp. v. Gen. Elec. Co., 187 F.3d 1165, 1171-72 (10th Cir. 1999) (holding that the plaintiff was entitled to a jury trial on its declaratory judgment claim since, without "declaratory judgment procedures," its suit would have "sound[ed] in contract and s[ought] legal relief"); Monroe Prop., LLC v. Bachelor Gulch Resort, LLC, 374 F. Supp. 2d 914, 923 (D. Colo. 2005) (holding that the plaintiff had a right to a jury trial on its declaratory judgment claim, since the action "would have had to proceed as an action for breach of contract without the device of declaratory relief").  Accordingly, Sam Rust's motion to strike the jury demand must be denied.

### Conclusion

For the foregoing reasons, the court will deny Sam Rust's motion to strike Land & Sea's demand for a jury trial.  The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 13ᵗʰ day of August, 2015.

_____

Chief United States District Judge

3