CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT J. COLLIER, | ) |
| Plaintiff, | ) Civil Action No. 7:13CV00104 |
| v. | ) **MEMORANDUM OPINION** |
| LAND & SEA RESTAURANT COMPANY, LLC, d/b/a FRANKIE ROWLAND'S STEAKHOUSE, et al., | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendants. | ) |

This case is presently before the court on the motion for voluntary dismissal filed by the Plaintiff, and the joint motion to bifurcate filed by Land & Sea Restaurant Company, LLC ("Land & Sea"), Performance Food Group, Inc. ("Performance"), and Cape Cod Shellfish & Seafood Company ("Cape Cod") (collectively, the "defendants"). For the following reasons, both motions will be denied.

## Background

The plaintiff, Robert J. Collier, suffers from Guillain-Barré syndrome, a peripheral neuropathic disorder that can cause weakness and paralysis. Collier contends that the disorder was triggered by paralytic shellfish poisoning, which he claims to have suffered after eating oysters at Frankie Rowland's Steakhouse in April of 2011 that were allegedly tainted with saxitoxin.

On March 19, 2013, nearly two years after eating the oysters, Collier filed suit against Land & Sea, the owner and operator of Frankie Rowland's, asserting claims for negligence and

breach of implied warranties. The case was assigned to Senior United States District Judge James C. Turk.[1]

Collier filed an amended complaint against Land & Sea on April 30, 2013. Two weeks later, Land & Sea filed a third-party complaint against Performance, its food supplier, asserting a claim for indemnification. Performance then filed a fourth-party complaint against Sam Rust Seafood, Inc. ("Sam Rust"), its seafood supplier, on June 13, 2013. On April 3, 2014, Sam Rust filed a fifth-party complaint against Cape Cod, its oyster supplier, and on May 8, 2014, Cape Cod filed a sixth-party complaint against Norm Bloom & Son, LLC ("Norm Bloom"), the oyster harvester.

On March 26, 2014, before some of the parties were brought into the case, United States Magistrate Judge Robert S. Ballou entered an order setting the case for trial on October 6, 2014 through October 17, 2014, and requiring the completion of discovery by September 1, 2014. Judge Ballou subsequently amended the scheduling order on April 22, 2014. He continued the jury trial to March 23, 2015 through April 3, 2015, and extended the discovery deadline to January 17, 2015.

On May 22, 2014, Judge Turk transferred the case to the undersigned district judge. Approximately five months later, on October 21, 2014, the plaintiff moved to continue the trial and extend the discovery deadlines, because one of his attorneys required surgery. Judge Ballou granted the motion on October 29, 2014. That same day, Judge Ballou entered a second amended scheduling order, which continued the jury trial to September 8, 2015 through September 25, 2015, and extended the discovery deadline to June 30, 2015.

---

[1] Judge Turk is now deceased.

Several months later, the parties confirmed that they were of the opinion that the trial could not be completed in the timeframe set forth in the second amended scheduling order, and that the case could take up to six weeks to try. The trial is now scheduled for May 31, 2016 through July 8, 2016.

The case is presently before the court on the plaintiff's motion for voluntary dismissal and the defendants' joint motion to bifurcate. The court held a hearing on the motions on August 26, 2015.[2] The motions have been fully briefed and are ripe for review.

## Discussion

### I. Motion for Voluntary Dismissal

On June 25, 2015, Collier moved to dismiss the case without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. "Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss voluntarily an action without prejudice at any time." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th 1987). The rule provides, in pertinent part, as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 42(a)(2).

The United States Court of Appeals for the Fourth Circuit has held that a motion for voluntary dismissal under Rule 41(a)(2) "should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); see also Davis, 819 F.2d at 1273 (observing that "[t]he purpose of Rule 41(a)(2) is to allow voluntary dismissals

---

[2] On August 26, 2015, the court also heard arguments on the renewed motions for summary judgment filed against Sam Rust by Land & Sea and Performance. Those motions will be addressed in a separate memorandum opinion.

3

unless the parties will be unfairly prejudiced"). The Court has identified several factors that district courts may consider in deciding whether a voluntary dismissal would result in substantial prejudice. Such factors include "(1) the plaintiff's diligence in moving for a voluntary dismissal, (2) the stage of the litigation, including the defendant's effort and expense in preparing for trial, and (3) the adequacy of the plaintiff's explanation for the need to dismiss." Fidelity Bank PLC v. N. Fox Shipping N.V., 242 F. App'x 84, 89 (4th Cir. 2007); see also Howard v. INOVA Health Care Servs., 302 F. App'x 166, 179 (4th Cir. 2008).

Applying these factors in the instant case, the court concludes that a voluntary dismissal without prejudice would substantially prejudice the defendants. At the time the plaintiff's motion was filed, this case had been pending for over two years and the docket contained 300 entries, including third-party complaints, motions to dismiss, answers to complaints, discovery motions, and motions for summary judgment. The deadline for completing discovery was closely approaching, as was the deadline for filing dispositive motions. The defendants indicate that the existing discovery included more than twenty-five depositions conducted in six different states, ten of which were of expert witnesses. Accordingly, by the time the plaintiff's motion was filed, the defendants had expended significant time, money, and effort engaging in discovery, preparing dispositive motions, and planning for trial. On this record, the court concludes that the stage of the litigation and the timing of the plaintiff's motion weigh against permitting a voluntary dismissal.

The court also concludes that the plaintiff has not provided an adequate basis for the need to dismiss at this stage of the proceedings. His initial brief in support of the motion provided no explanation for the relief sought. During the hearing on the motion, plaintiff's counsel indicated that the decision to seek dismissal without prejudice was based, at least in part, on the

4

defendants' efforts to bifurcate the issues of liability and damages at trial. For the reasons set forth below, however, the court agrees with the plaintiff that bifurcation is inappropriate in this case and, thus, that the defendants' motion in this regard must be denied.

To the extent that the plaintiff also suggested that the case could be tried sooner if it were voluntarily dismissed and refiled in state court, the court is unpersuaded. Since the case was reassigned to the docket of the undersigned district judge, the jury trial has been continued on two occasions, the first of which was at the behest of plaintiff's counsel. The trial was more recently continued from September 8, 2015 to May 31, 2016, after the parties confirmed that they would likely require six weeks to try the case, rather than three weeks as provided in the second amended scheduling order. The new six-week trial schedule was the earliest on the court's calendar that was also available for all of the attorneys involved in the case, and the court seriously doubts that the case could proceed to trial any sooner if the plaintiff was permitted to refile in state court.

For all of these reasons, the court concludes that permitting the plaintiff to voluntarily dismiss the case at this stage of the proceedings would substantially prejudice the defendants. Accordingly, his motion to dismiss will be denied.

## II.  Motion to Bifurcate

The court will now address the defendants' joint motion to bifurcate. Although this court often bifurcates the liability and damages phases of civil trials, Judge Turk rarely did so. Consequently, the pretrial orders which were originally entered in this case, while it was still assigned to Judge Turk, made no mention of bifurcation. Thus, as a practical matter, based on Judge Turk's standard practice and the absence of a bifurcation provision in the pretrial orders,

5

the court believes that the parties would have reasonably understood that the issues of liability and damages would not be presented to the jury in a bifurcated fashion.

The issue of bifurcation was not formally raised by the defendants until the instant motion was filed on June 5, 2015, over a year after the case was reassigned. For the following reasons, and in keeping with Judge Turk's standard practice, the court will deny the defendants' motion.

The defendants' motion is governed by Rule 42(b) of the Federal Rules of Civil Procedure, which permits the court to order a separate trial on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Whether to bifurcate a trial under this rule is committed to the "sound discretion" of the trial judge. Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953). "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." F&G Scrolling Mouse, LLC v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999).

Having carefully considered the parties' arguments, the court finds that the defendants have failed to meet their burden of demonstrating that bifurcation is warranted in the instant case. In seeking to bifurcate the issues of liability and damages, much of the defendants' argument focuses on the fact that a defense verdict on the liability issues would obviate the need for a trial on damages. As other courts have recognized, however, "this potential time savings is true in all bifurcated cases," R.E. Linder Steel Erection Co., Inc. v. Wedemeyer, Cernik, Corrubia, Inc., 585 F. Supp. 1530, 1534 (D. Md. 1984), and "does not, in itself, justify bifurcation" in a particular case. Topline Solutions, Inc. v. Sandler Sys., Inc., No. WDQ-09-3102, 2015 U.S. Dist.

6

LEXIS 91776, at *30 (D. Md. July 14, 2015). Additionally, while the defendants contend that there would be little overlapping evidence during the liability and damages phases of trial, Collier maintains that bifurcation would result in "all of the medical and some of the marine science testimony [being] presented again" during the damages phase. Pl.'s Br. in Opp'n 10, Docket No. 331. On this record, the court is unable to find that bifurcation would promote judicial economy, or be of greater convenience to the parties, their witnesses, the court, or the jury. See Topline Solutions, 2015 U.S. Dist. LEXIS 91776, at *30 (emphasizing that "bifurcation is inappropriate when the evidence on liability and damages 'overlap[s]'") (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2390 (3d ed. 2010)).

The court is also unable to find that bifurcation is necessary to avoid potential prejudice. In arguing to the contrary, the defendants emphasize that "a liability decision based on the evidence is much preferred to a verdict based on sympathy or compromise." Docket No. 357 at 6. While the court does not disagree with this general statement, it has no reason to believe that the jury seated in this case will be unable or unwilling to properly distinguish between evidence pertaining to liability and evidence pertaining to damages. Additionally, the court is of the opinion that the defendants' concerns regarding potential prejudice can be addressed by appropriate limiting instructions. See id.; see also Dotson v. Joseph, No. 3:04CV10099, 2006 U.S. Dist. LEXIS 58206, at *2-3 (W.D. Va. Aug. 18, 2006) ("[T]he potential for prejudice arising from different claims, for different injuries, entitling Plaintiff to different damages, may be cured by appropriate jury instructions. Indeed, the law presumes that juries will understand and follow instructions.").

7

For these reasons, and in keeping with Judge Turk's standard practice, the court will deny the defendants' joint motion to bifurcate the issues of liability and damages.

## Conclusion

For the reasons stated, the plaintiff's motion for voluntary dismissal without prejudice and the defendants' joint motion to bifurcate will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 16th day of October, 2015.

_____
Chief United States District Judge