IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| ROBERT J. COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAND & SEA RESTAURANT COMPANY, | ) | Case No.: 7:13-cv-104 |
| LLC d/b/a FRANKIE ROWLAND'S | ) | |
| STEAKHOUSE | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PERFORMANCE FOOD GROUP, INC. | ) | |
| d/b/a PERFORMANCE FOOD SERVICE – | ) | |
| VIRGINIA, | ) | |
| | ) | |
| Third-Party Defendant/Fourth-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAM RUST SEAFOOD, INC., | ) | |
| | ) | |
| Fourth-Party Defendant/Fifth-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPE COD SHELLFISH & SEAFOOD CO., | ) | |
| | ) | |
| Fifth-Party Defendant/Sixth-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORM BLOOM AND SON, LLC, | ) | |
| | ) | |
| Sixth-Party Defendant. | ) | |

**SAM RUST SEAFOOD, INC.'S
MEMORANDUM IN SUPPORT OF LAND & SEA'S MOTION TO STRIKE
ROBERT COLLIER'S SECOND AMENDED COMPLAINT
AND MEMORANDUM IN SUPPORT OF SAM RUST'S
MOTION FOR RECONSIDERATION**

Sam Rust Seafood, Inc. ("Sam Rust"), by counsel, states as follows for its memorandum in support of Defendant Land & Sea Restaurant Company, LLC's ("Land & Sea") Motion to Strike all references to Va. Code §§ 3.2-5122 and 3.2-5126 contained in Robert Collier's Second Amended Complaint, and reaffirms its objection to the Court's December 15, 2015, ruling granting Collier leave to file his Second Amended Complaint, as memorialized in its December 16, 2015, Order. First, there is no private cause of action under these statutes. Second, Sam Rust seeks reconsideration of the Court's Order dated December 16, 2015, permitting Robert Collier to file his Second Amended Complaint. Collier's Second Amended Complaint makes additional allegations that, at this stage of the litigation, raise questions regarding what theories Collier is intending to present to the jury. Finally, Sam Rust reaffirms its objections to Collier's removal of the negligence cause of action from this case.

### I. Introduction

Collier filed his original Complaint against Land & Sea on or about March 19, 2013. (ECF No. 1). Collier's original Complaint alleged claims for negligence (Count I), breach of implied warranty of merchantability (Count II), and breach of implied warranty of fitness for a particular purpose (Count III). Collier's original complaint sought compensatory and punitive damages. On or about April 29, 2013, Collier filed an Amended Complaint, in which he removed his claim for punitive damages; otherwise, the Amended Complaint was identical to the original Complaint. (ECF No. 15-1).

Collier's Amended Complaint alleged that Collier consumed shellfish and other items at Frankie Rowland's Steakhouse in Roanoke, Virginia. Collier alleged that, as a result of consuming these items, he developed paralytic shellfish poisoning ("PSP") and Guillain-Barre Syndrome ("GBS"), resulting in personal injury. Collier alleged the following causes of action: (1) negligence; (2) breach of implied warranty of merchantability; and (3) breach of implied warranty of fitness for a particular purpose. (ECF No. 15-1).

Following the filing of the Amended Complaint by Collier, parties representing the entire supply chain for the shellfish allegedly consumed by Collier were brought into the case under third-party practice. Over the ensuing three years, all six parties involved in this case, including the entities in the supply chain for the oysters Collier claims caused the PSP and GBS from which he allegedly suffered, engaged in substantial, costly, and time-consuming investigation, discovery, and motions and pleadings practice based upon the allegations in Collier's Amended Complaint.

The trial of this matter is scheduled to begin on May 31, 2016. On December 13, 2015, counsel for Collier filed a Motion for Leave to file a Second Amended Complaint with the "intent … to withdraw the negligence count from the Complaint." (ECF No. 444). Collier's original proposed Second Amended Complaint contained no reference to Va. Code Sections 3.2-5122 and 3.2-5126. (ECF No. 444-1). This Court held hearings on December 14 and 15, 2015 on a number of issues. At the hearings on December 14, 2015, counsel for Collier represented to the Court that there is "no intent to have a negligence count." (Dec. 14, 2015 Daubert Hearing Tr., pp. 141:20, 28:12). At the hearings, counsel for Sam Rust orally objected to Collier's motion to file a Second Amended Complaint. (Dec. 15, 2015 Daubert Hearing Tr., pp. 25:9 – 26:18).

On December 15, 2015, Collier filed a "corrected" Second Amended Complaint. (ECF No. 452-1). Collier's Second Amended Complaint reflects the removal of the negligence cause of action, and asserts two causes of action: (1) breach of implied warranty of merchantability; and (2) breach of implied warranty of fitness for a particular purpose and/or wholesomeness. Paragraph 4 of the Second Amended Complaint includes references to Virginia Code Sections 3.2-5122 and 3.2-5126, concerning adulterated foods. As explained in greater detail below, the cited statutes do not create a private right of action and should be stricken from Collier's Second Amended Complaint.

Moreover, Paragraph 4 of Collier's Second Amended Complaint also added language alleging the offending food Collier consumed was "unwholesome." This new allegation of "unwholesome" food is carried out in Count 2 of the Second Amended Complaint as well, and changes the claim for breach implied warranty of merchantability for a particular purpose by adding a "wholesomeness" portion to the claim. (ECF No. 444-1, at ¶¶ 20-22). None of the prior iterations of Collier's complaints in this matter previously alleged the food Collier consumed was unwholesome, nor did Collier previously cite to Virginia Code Sections 3.2-5122 and 3.2-5126.

## II. Argument

### A. Va. Code §§ 3.2-5122 and 3.2-5126 should be stricken from Collier's Second Amended Complaint because these statutes do not provide a private right of action.

Sam Rust reiterates that Va. Code §§ 3.2-5122 and 3.2-5126 should be stricken for the reasons previously stated by Land & Sea in its Memorandum in Support of its Motion to Strike, and Sam Rust incorporates by reference Land & Sea's arguments into this Memorandum in Support. (ECF No. 464). In addition to the arguments advanced first by Land & Sea in its

Motion to Strike Collier's Second Amended Complaint, Sam Rust submits that these Code Sections being raised for the first time in this three plus year litigation by Collier should be stricken from Collier's Second Amended Complaint because there is no private cause of action that arises under these Code Sections. Parker v. Wendy's Int'l, Inc., 41 F.Supp.3d 487 (E.D. Va. 2014). In Parker, plaintiff alleged injury stemming from a foreign piece of plastic in a bacon cheeseburger. The plaintiff alleged as a cause of action a claim of "serving adulterated food" based on Va. Code §§ 3.2-5122 and 3.2-5126. Id. at 493. The United States District Court for the Eastern District of Virginia held that no private right of action exists for alleged violation of these statutes under Virginia law, and dismissed plaintiff's claim:

> Virginia law provides that the "manufacture, sale, or delivery, holding or offering for sale of any food that is adulterated or misbranded" is "unlawful." Va. Code § 3.2-5126(A)(1). "Any person who violates any of the provisions of subsection A is guilty of a Class 1 misdemeanor," id. § 3.2-5126(B), but it is solely "the duty of each attorney for the Commonwealth, to whom the Commissioner reports any violation of this article, to cause appropriate proceedings to be instituted in the appropriate courts," id. § 3.2-5128(B). Thus, regardless of whether the bacon cheeseburger consumed by Plaintiff meets the definition of "adulterated food" found in Va. Code. § 3.2-5122, it does not appear that Virginia recognizes a private cause of action for serving adulterated food and Plaintiff points to no authority suggesting otherwise. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

Id. at 493-94. Put simply, there is no private right of action under Va. Code §§ 3.2-5122 and 3.2-5126. Therefore, the citations to Va. Code §§ 3.2-5122 and 3.2-5126 in his Second Amended Complaint (and any claims he attempts to advance in reliance on those statutes) should be stricken, for the reasons stated above and for the reasons stated in Land & Sea's Memorandum in Support of its Motion to Strike. (ECF No. 464).

> B. **Sam Rust seeks reconsideration of the Court's Order dated December 16, 2016 because Collier's Second Amended Complaint includes additional allegations made for the first time just months before trial.**

Collier filed a Motion for Leave to Amend his Complaint in this matter on December 13, 2015, one day (Sunday) before the two-day <u>Daubert</u> hearings on December 14-15, 2015. None of the Defendants had had an opportunity to file a formal, written objection to Plaintiff's Motion for Leave to Amend before the hearings began. However, at the hearings on December 14-15, Sam Rust orally objected to the filing of a Second Amended Complaint. (Dec. 15, 2015 Daubert Hearing Tr., p. 25:9 – 26:18). At that time, the current iteration of Collier's Second Amended Complaint had not even been filed with the Court. On December 15, 2015, Collier filed his Second Amended Complaint. For the first time—<u>and after the Court already had granted Collier the right to again amend his Complaint</u>—Collier filed his Second Amended Complaint in which he made allegations under Va. Code §§ 3.2-5122 and 3.2-5126. In addition, Collier changed the implied warranty of merchantability for a particular purpose to include a new allegation that the food that Collier consumed was not "wholesome." While Collier's intention in the newly-stated allegations regarding the "wholesomeness" of the claimed offending food is not clear, there is no question that Collier is making changes to his previously filed implied warranty cause of action. Thus, despite Collier's counsel's representations that the purpose of seeking further amendment of Collier's Complaint was only to "withdraw" the negligence count, the Second Amended Complaint ultimately filed with this Court did more than that, including the addition of the adulterated food statutes and the addition of his new claims of injury from "unwholesome" food. Had Collier merely decided not to pursue his claim for negligence, he could simply have withdrawn that claim, rather than refiling his Complaint altogether, particularly with additional language added.

At this late stage of the litigation, Collier's Second Amended Complaint, together with its additional claims of "unwholesome" food and citation to Va. Code §§ 3.2-5122 and 3.2-5126 should not be permitted. Thus, Sam Rust respectfully requests that the Court reconsider its earlier order permitting Collier to file his Second Amended Complaint, and respectfully requests that Collier not be permitted to file his Second Amended Complaint.

### C. Sam Rust reasserts its objection made in open court to Collier's removal of the negligence cause of action.

Collier's Second Amended Complaint omits the negligence cause of action that was the primary cause of action in this case. Such omission prejudices Sam Rust and other Defendants. The parties have been conducting discovery, making strategy decisions, and preparing for trial based, in large part, on the negligence claim. To permit Plaintiff to remove this theory of liability at this late stage is highly prejudicial to Sam Rust for a myriad of reasons. By way of example, the removal of the negligence cause of action changes the primary focus, proof and defense of a case that has been pending for over three years from negligence to breach of warranty alone. It also implicates the rights of Sam Rust and others and alters the strategy with regard to experts, trial preparation, and trial presentation. It potentially affects the responsibilities of the parties and may have ramifications beyond Collier's claims in the immediate litigation. For those reasons cited by Sam Rust at the December 14-15, 2015 hearings, as well as those set forth in the instant Motion and Memorandum, Sam Rust formally objects to Collier's Second Amended Complaint, including his withdrawal of the negligence cause of action, and asks the Court to reconsider its ruling allowing Collier to file his Second Amended Complaint.

### III. Conclusion

For the foregoing reasons, Sam Rust respectfully requests that Collier's references to Va. Code §§ 3.2-5122 and 3.2-5126 be stricken from Collier's Second Amended Complaint. Sam Rust also respectfully requests that the Court reconsider its order permitting Collier to file his Second Amended Complaint, and also objects to the Court's decision allowing Collier to remove the negligence cause of action.

SAM RUST SEAFOOD, INC.

/s/
C. Jay Robbins, IV (VSB No. 22847)
Regina Maria Policano (VSB No. 30375)
James C. Shannon (VSB No. 14360)
MIDKIFF, MUNCIE & ROSS, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
T: 804-560-9600
F: 804-560-5997
crobbins@midkifflaw.com
gpolicano@midkifflaw.com
jshannon@midkifflaw.com
*Counsel for Sam Rust Seafood, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| James R. Jebo, Esq.<br>VSB No. 48418<br>Dannel C. Duddy<br>VSB No. 72906<br>Michael E. Harman<br>VSB No. 16813<br>Lynne Jones Blain<br>VSB No. 23719<br>Attorneys for Performance Food Group, Inc.<br>Harman, Claytor, Corrigan & Wellman<br>P. O. Box 70280<br>Richmond, VA 70280<br>804-622-1107<br>804-747-6085 – facsimile<br>jjebo@hccw.com<br>dduddy@hccw.com<br>lblain@hccw.com<br>mharman@hccw.com | Kenneth J. Ries, Esq.<br>VSB No. 29909<br>Ronald M. Ayers, Esq.<br>VSB No. 01158<br>Attorneys for Defendant/Third Party<br>Plaintiff Land & Sea, Inc.<br>Johnson, Ayers & Matthews, PLC<br>P. O. Box 2200<br>Roanoke, VA 24009-2200<br>540-767-2000<br>540-767-1552 – facsimile<br>kries@jamlaw.net<br>rayers@jamlaw.net |
| John J. Morgan, Esq.<br>CT Bar No. ct407105jjm<br>Attorney for Robert J. Collier<br>Barr & Morgan<br>22 Fifth Street<br>Stamford, CT 06905<br>203-356-1595<br>203-357-8397 – facsimile<br>jmorgan@pmpalawyer.com<br>*Pro Hac Vice* | Phillip R. Lingafelt, Esq.<br>VSB No. 29229<br>Attorney for Robert J. Collier<br>Glenn, Feldmann, Darby & Goodlatte<br>P. O. Box 2887<br>Roanoke, VA 24001-2887<br>540-224-8000<br>540-224-8050 – facsimile<br>plingafelt@gfdg.com |

C. Richard Cranwell, Esquire
VSB No. 3347
Attorney for Robert J. Collier
Cranwell, Moore & Emick, P.L.C.
P. O. Box 11804
Roanoke, VA 24022-1804
540- 344-1000
540- 344-7073 - facsimile
crc@cranwellmoorelaw.com

Mark C. Nanavati, Esq.
VSB No. 29229
G. Christopher Jones, Jr., Esq.
VSB No. 82260
Attorneys for Cape Cod Shellfish &
Seafood Company
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
804- 893-3866
804-378-2610 - facsimile
mnanavati@snllaw.com
cjones@snllaw.com

Susan A. Waddell, Esq.
VSB No. 24302
Attorney for Norm Bloom and Son, LLC.
Guynn & Dillon, P.C.
415 S. College Ave.
Salem, VA 24153
540-387-2320
540-389-2350-facsimile
susan.waddell@gmdlawfirm.com

T. J. O'Neill
CT Bar No. CTtjo6242
Counsel for Norm Bloom and Son, LLC
Day Pitney LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
203- 977-7557
203-399-5893 - facsimile
tjoneill@daypitney.com

      /s/ C. Jay Robbins, IV_____