CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 03 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROBERT J. COLLIER,)
)
Plaintiff,) Civil Action No. 7:13CV00104
)
v.) **ORDER**
)
LAND & SEA RESTAURANT) By: Hon. Glen E. Conrad
COMPANY, LLC, d/b/a FRANKIE) Chief United States District Judge
ROWLAND'S STEAKHOUSE, et al.,)
)
Defendants.)

On May 2, 2016, the court held a hearing on various pending motions. For the reasons stated during the hearing, it is hereby

**ORDERED**

as follows:

1. Defendants' joint motion for clarification of the court's December 16, 2015 order (Docket No. 520) is **GRANTED IN PART AND DENIED IN PART**. The case will be tried in the bifurcated manner discussed during the hearing. The plaintiff's claims for breach of warranty against Land & Sea Restaurant Company, LLC ("Land & Sea") will be tried in phase one, and the third, fourth, fifth, and sixth-party claims for indemnification and/or contribution based on theories of negligence and breach of warranty will be tried in phase two to the same jury. Phase one evidence shall be deemed admitted in phase two, unless a specific objection is made prior to the commencement of the second phase.

The third, fourth, fifth, and sixth-party defendants ("upstream defendants") will be permitted to participate in phase one. Specifically, the upstream defendants will be allowed to make opening statements and closing arguments, with the understanding that the court will

impose a time limit on each side, which must be divided by Land & Sea and the upstream defendants. The upstream defendants will also be permitted to make objections and dispositive motions during phase one. However, an objection or dispositive motion made by one defendant will be deemed to have been made by all defendants, and the other defendants need only make an objection or motion if they have a new or different basis for it. Finally, the upstream defendants will be allowed to participate in the examination of witnesses. However, the upstream defendants will not be allowed to ask repetitive questions, and must screen any potential question with the court before it is propounded.

2. The defendants' joint motion to exclude the opinions of Michael Brookshire, Ph.D. (Docket No. 532) is **DISMISSED AS MOOT** with the understanding that Dr. Brookshire will recalculate the present value of the plaintiff's lost earning capacity using after-tax wages.

3. The parties shall exchange and file their Rule 26(a)(3) disclosures on or before May 9, 2016. The parties shall file any objections to the Rule 26(a)(3) disclosures on or before May 18, 2016.

4. The court will conduct a final pretrial hearing on May 26 and 27, 2016 at 10:00 a.m.

The Clerk is directed to send copies of this order to all counsel of record.

DATED: This 3rd day of May, 2016.

_/s/ Jon Conrad_
Chief United States District Judge